MEMORANDUM OF DECISION
On August 12, 1998, the Department of Children and Families, hereafter "DCF", filed a co-terminous petition alleging neglect and for the termination of the parental rights of Crystal M. and Carlos Ivan P. to their son, Carlos Ivan P., Jr. Thereafter, on December 15, 1998, DCF filed a co-terminous petition alleging neglect and for termination of the parental rights of these parents for their second son, Antonio Miguel M., born December 10, 1998. On January 20, 1999, both children were adjudicated neglected and committed to the care and custody of DCF, and have each remained in foster care since the time of their removal from their parents's care.
A. Procedural History.
The matters have had a lengthy procedural history. The petitions were tried on January 20, 1999. Judgment was entered as noted above on that date and also for the termination of both parents' parental rights, but no written decision filed. (Holden. J.) Subsequently, on November 9, 1999, a motion to set aside the termination judgment and for a new trial was granted (Lopez, J.) and the matters assigned for trial in the Child Protection Session. The court received testimony and evidence as to Carlos Ivan P. on October 10, 2000. The matters had been assigned for hearing prior to that time, but notice to Carlos P. had been by publication and the court had ordered additional notice, which had not been completed. The court appointed counsel to locate Mr. P., and by August 31, 2000, not only had the father been located, but appeared in court, seeking to have counsel appointed for him. The court appointed counsel for him and continued the matter to October 10, 2000 for the trial. On October 10, 2000, despite the fact that a DCF case aide went to Carlos P.'s residence after speaking to him on the telephone only ten minutes earlier, Carlos did not appear and did not attend the trial. The court denied his counsel's motion for continuance.
In the meantime, on June 30, 2000, the mother, Crystal M. consented to the termination of her parental rights to these two children and two CT Page 12576 older children of another relationship. The court found her consent to have been knowingly and voluntarily made with the advice and assistance of competent counsel and the court accepted her consent. (Lopez, J.) The termination petitions were then amended to reflect the mother's consent. They had earlier been amended to reflect the parents' abandonment of the children.
The termination petitions as to Miguel R. allege that he has abandoned the children in the sense that he has failed to exhibit a reasonable degree of interest, concern or responsibility as to the welfare of the children. Connecticut General Statutes § 17a-112 (c)(3)(A), now renumbered as § 17a-112 (j)(3)(A).
From the evidence presented, the court finds the following facts:
B. Facts
 1. Carlos Ivan P., the father of Carlos Ivan P., Jr. and Antonio Miguel M.
Carlos is now twenty years old. His own background as a child involved DCF protective services and neglect. He has had considerable family difficulties in his life. By the time he was sixteen, he stopped going to school and began a relationship with Crystal M., the mother of the children. When he was seventeen and a half, he admitted to DCF, which had been attempting to provide services to him, that he had a significant heroin addiction. His relationship with Crystal has been a troubled one. She is eleven years his senior and also heavily drug-involved. Although their relationship has now ended, while it was ongoing, there were instances of domestic violence between them.
When Carlos was just a few days short of his eighteenth birthday, Carlos was born and a year later Antonio. Both children were never in their parents' care, but removed on orders of temporary custody from the hospital in which each was born. At the time of each birth, Carlos in December, 1997 and Antonio in December, 1998, neither of the parents was in a position to care for the child. Carlos has not been in such a position since that time.
Carlos has refused all services offered by DCF, including several substance abuse assessment referrals and offers of treatment, individual counseling, parenting education and other services. Expectations and specific steps were set for him and he never completed any. The only service he participated in briefly was visiting with his son Carlos on six separate occasions in 1998. His visitation ended in March, 1998. He has never visited with Antonio. He has never called DCF to inquire about his children. He has not sent cards, or gifts for them and has never CT Page 12577 supported them. The court finds, from the clear and convincing evidence that he has abandoned them completely.
2. The children, Carlos and Antonio.
Carlos was born on December 10, 1997 and will be three this December. Antonio was born a year later on December 10, 1998 and will be two this December. They both reside in the same foster home and are well-bonded as siblings and with their foster parents. Their foster family has three other adopted children, with whom they enjoy a good relationship. They have no memories of their birth parents. Their foster parents have made sure that they received birth-to-three services and each child is doing well. The DCF plan for their permanency is adoption by their foster parents.
C. Adjudicatory Termination Findings
 1. Reasonable Reunification Efforts.
In order to terminate parental rights, DCF must initially show by clear and convincing evidence that DCF "has made reasonable efforts to locate the parent and to reunify the child with the parent . . . unless the parent is unable or unwilling to benefit from reunification efforts." Connecticut General Statutes 217a-112(c)(1). The termination petitions allege that Carlos is unwilling and unable to so benefit. The court has noted the referrals for substance abuse treatment and other programs offered to Carlos. The court finds that these services were suited to his needs and that they were reasonable. He took advantage of none of them. The court concludes, from the clear and convincing evidence, that he was unwilling to benefit from such services.
2. Carlos Abandonment of the children.
The court has found by clear and convincing evidence that this young biological father has abandoned his two sons. Our courts have held that:
 "Abandonment occurs where a parent fails to visit a child, does not display love or affection for the child, does not personally interact with the child, and demonstrates no concern for the child's welfare." In re Juvenile Appeal (Docket No. 9489), 183 Conn. 11, 14, 438 A.2d 801 (1981).
"Abandonment focuses on the parent's conduct." In re Michael M.,29 Conn. App. 112. 614 A.2d 832 (1992); In re Rayna M., 13 Conn. App. 23,36. 534 A.2d 897 (1987); In re Kezia M., 33 Conn. App. 12, 632 A.2d 1122
CT Page 12578 (1993). Carlos has done nothing to indicate any interest in the welfare of his children and has fully and irrevocably abandoned them.
D. Required Findings
The court makes no findings concerning Crystal M. as she has consented to the termination of her parental rights. The following factual findings are made regarding Carlos P. as required by Connecticut General Statutes § 17a-112 (e):
(1) Appropriate and timely services were provided by DCF to the family. These included services to benefit the children, referrals for Carlos to deal with issues of parenting and substance abuse. DCF also provided visitation and case management services.
2) As previously noted, the court finds by clear and convincing evidence that reasonable services were provided to Carlos P. He was unwilling to participate and unwilling to benefit from them.
3) The terms of any applicable orders entered into and agreed to by any individual or agency and the extent of fulfillment of those obligations. The court finds that reasonable court expectations were set for Carlos and he was not minimally able to fulfill them.
4) The feelings and emotional ties of the children with respect to the parent. any guardian of the person and any person who has exercised physical care. custody and control of the children for at least one year and with whom the children have developed significant emotional ties. Both children are well bonded to their foster parents. They have known no other parents. Antonio was placed with his foster parents at birth. Carlos Ivan. Jr. has also resided with them for a long time. Neither of the children know their biological parents.
5) Finding regarding the ages of the children: Carlos Ivan. Jr. is two and will be three in December. Antonio is one and will be two in December.
6) Finding regarding efforts of the parents to adjust their circumstances, conduct or conditions to make it in the best interests of the children to return them to their home in the foreseeable future and (A) the extent to which the parents have maintained contact with the children as part of an effort to reunite the child with them, provided that the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communications with the guardian or other custodian of the children. As detailed above, the court finds that none of the parents has made any CT Page 12579 changes in their lives to accommodate the care and nurturing of these children.
7) Finding regarding the extent to which a parent has been prevented from maintaining a reasonable relationship with the children by the unreasonable act or conduct of the other parent of the children or the unreasonable act of any other person or by the economic circumstances of the parents. No such conduct is noted. DCF took many steps to assist this family. Carlos was unwilling to take advantage of their assistance and even to visit regularly with his oldest child.
E. Disposition
In hearing a termination of parental rights case, the court must first determine whether or not the grounds for termination have been proven by clear and convincing evidence. If so. only then may it consider what action is in the best interests of the children at issue. The court has found that Carlos P. abandoned these children. The children's mother has consented to the termination of her parental rights. The court has made the seven statutory findings required. which all weigh in favor of termination being in these children's best interests. The court concludes, from the clear and convincing evidence, that there is no biological parent who will be able to care for these children. The court further concludes, from the clear and convincing testimony, that the children require permanency and stability in their lives. The court finds that termination of their parents's rights to Carlos Ivan P., Jr. and Antonio Miguel M. is in their best interests.
Based on the foregoing, the court orders a termination of the parental rights of Crystal M. and Carlos Ivan P. The Commissioner of the Department of Children and Families is hereby appointed the children's statutory parent. The court also orders that a permanency plan for these terminated children be submitted within thirty days. A review plan for them shall be filed in accordance with state and federal law.
Barbara M. Quinn, Presiding Judge Child Protection Session